Robert Doscher, J.
Prior to the commencement of Action No. 2, now before this court, the plaintiff there brought an action against the defendant, and others, to foreclose a mechanic’s lien. In due course, the matter was referred to an Official Referee to hear and determine. The mechanic’s lien foreclosure came on for trial before said Official Referee and, during the trial, was discontinued on the merits upon plaintiff’s application. Thereafter, the Official Referee made his order in the form of a judgment, adjudging that the “ action be * * * discontinued on the merits and the complaint dismissed.”
After such order was made, the plaintiff commenced the action at bar to recover money damages for breach of contract and defendant now moves to dismiss the same under rule 107 of the Rules of Civil Practice on the ground that there is an existing final judgment determining the cause, which judgment was rendered on the merits. To determine the validity of this assertion of the defendant, it is necessary to examine into not only the matters that were litigated in the former action, but what matters might have been litigated therein (Israel v. Wood Dolson Co., 1 N Y 2d 116). The fact that there were additional defendants in the mechanic’s lien foreclosure action is of no moment (Israel v. Wood Dolson Co., supra).
In both the mechanic’s lien foreclosure action and the action at bar, plaintiff alleges the contract between the defendant Grandview and the State of New York, known as CT 52-1; the agreement between plaintiff and said defendant for the latter to supply labor and materials on items 20 and 102-S of said contract; the furnishing by plaintiff of extra materials, to wit, Portland cement and natural cement and the furnishing of extra labor in excavating and water pumping; due performance of the contract by plaintiff until prevented by Grandview’s failure to perform certain preliminary work; and damages. The fact that the amount of damages claimed in each case is different is of no moment.
In the mechanic’s lien foreclosure action, the relief prayed for includes, inter alia, a prayer “ that if plaintiff shall fail, for any reason, to establish a valid lien, it recover judgment herein for such sums as are due to him as for which he might recover in an action against the defendant Grandview Con *820 struction Company.” Such prayer was proper and the relief demanded could have been granted (Lien Law, § 64).
As indicated above, the relief demanded in the second action could have been granted (except as to the amount of damages claimed) in the first action. This court feels that in the interest of all the people of the State there must be an end to litigation. The order in the form of a judgment in the first case, to foreclose a mechanic’s lien, must be binding as to all matters litigated therein (Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14) and as to all matters which plaintiff had the opportunity to litigate (Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305).
In an attempt to avoid the disastrous results of the doctrine of res judicata, plaintiff submits that because this was a voluntary discontinuance, it should not have' the same effect as a judgment after a trial that had gone to a conclusion. It need not here be decided whether the case involving the mechanic’s lien foreclosure was “ submitted ” within the contemplation of subdivision 4 of rule 301 of the Rules of Civil Practice. It is sufficient to note that by the Official Referee’s order in the form of a judgment, the discontinuance was on the merits. Only when it is not otherwise stated, is a discontinuance, as here, without prejudice (Rules Civ. Prac., rule 301, subd. 5). Were this not the rule, a plaintiff, foreseeing an adverse decision in the offing, would discontinue the action for the sole purpose of warding off the inevitable and obtaining the opportunity of making another try, although he had his day in court.
Regardless of what plaintiff may have intended in his stipulation of discontinuance, the Official Referee made his order. It is not claimed that an appeal was taken from that discontinuance on the merits and the dismissal of the complaint. As the record now stands, this court is bound thereby.
Motion to dismiss is granted.
Settle order on notice.