■ GRANDVIEW CONSTRUCTION CORPORATION, Plaintiff, v. MARIANO LEPORE, Doing Business as ALBANY CEMENT FINISHING COMPANY, et al., Defendants. (Action No. 1.) MARIANO LEPORE, Doing Business as ALBANY CEMENT FINISHING COMPANY, Appellant, v. GRANDVIEW CONSTRUCTION CORPORATION, Respondent. (Action No. 2.) — In an action to recover damages for an alleged breach of a contract entered into between appellant and respondent, providing for the performance of labor and the furnishing of materials by appellant in connection with a public improvement contract between respondent and the State of New York, and for the value and agreed price of extra labor and materials, the appeal is (1) from an order granting a motion to dismiss the complaint on the ground that there is an existing judgment of a court of competent jurisdiction, rendered on the merits, determining the issues between the parties, and (2) from the judgment entered thereon. Order and judgment reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The existing judgment between the parties was entered in an action brought by appellant against respondent to foreclose a mechanic's lien for labor performed and materials furnished under the same contract and for extra labor and materials, and appellant's complaint in that action demanded judgment for the foreclosure of his lien, and if he should fail to establish a valid lien, for such sums as were due him "as for which he might recover" in an action on his contract against respondent. The minutes of the trial of the foreclosure action, submitted to the Special Term on the motion to dismiss and to this court as part of the record on appeal, disclose that during the course of the presentation of appellant's case in that action, and before the close of his evidence, appellant moved for leave to discontinue the action "to foreclose a mechanic's lien" and consented that the discontinuance be on the merits, conceding that if the action should be discontinued, he would lose his cause of action to foreclose his lien by "statutory limitation". Appellant's attorney had stated that he was not seeking to recover on his contract or damages for its breach, and we understand that statement to mean that, even though he had demanded such relief, he did not intend in the lien foreclosure action to ask for a judgment against respondent, in the event that he was unable to establish a valid lien. The action was thereupon ordered discontinued on the merits, on respondent's consent, without prejudice to respondent's rights under a counterclaim which it had interposed in the action. It was not agreed that appellant's complaint should be dismissed, nor was any application made by respondent for such relief. Neither was it agreed that the discontinuance should constitute an adjudication on the merits with respect to appellant's claim that the contract had been breached by respondent, and for damages for such breach, or that any judgment should be entered on the motion. Nevertheless, and although there was no authority therefor (*Phillips* v. *Sun Oil Co.*, 282 App. Div. 947, affd. 307 N. Y. 328) a judgment was entered on motion of respondent's attorneys, dismissing appellant's complaint, and adjudging that the action be discontinued on the merits, without prejudice to respondent's rights under its counterclaim. It does not appear that the judgment has been set aside or reversed on appeal, and we consider it binding on appellant. (*Crouse* v. *McVickar*, 207 N. Y. 213, 217.) However, we do not consider it a bar to the present action. The judgment does not state that the complaint was dismissed on the merits, and the record discloses that it was dismissed before the close of appellant's evidence. Consequently, the dismissal does not prevent a new action for the same cause of action. (Civ. Prac. Act, § 482; *Mink* v. *Keim*, 291 N. Y. 300.) Insofar as the existing judgment purports to adjudge that the action to foreclose the mechanic's lien be discontinued on the merits, it

does not in our opinion constitute an adjudication on the merits with respect to appellant's right to recover on his contract, or damages for its breach. In the action to foreclose his lien, appellant, in the event that he was unable to establish a valid lien, could have sought a judgment against respondent on contract for the value of the labor performed and materials furnished (Lien Law, §§ 54, 64). He was not required to do so, however. If he saw fit to do so, he was at liberty, in the event that he was unable to establish a valid lien, to litigate his claim arising out of his contract in a subsequent action. (*Koeppel* v. *Macbeth,* 97 App. Div. 299.) It does not appear from the record presented that in discontinuing the action appellant intended to abandon his claim on his contract or for its breach, or that the parties or the learned Official Referee before whom the action was tried so understood, or that it was intended, in preserving respondent's rights under its counterclaim, to bar appellant from asserting, as against the claim if it should be thereafter made, that he had performed the contract and that respondent had not. Rule 301 of the Rules of Civil Practice provides that a discontinuance such as this is without prejudice, unless otherwise stated in the notice, stipulation or order. The motion for leave to discontinue, which was granted, was, as we read the record, limited to the action insofar as it sought to foreclose appellant's lien, and it appears to us that if it had been intended by the learned Official Referee that the discontinuance of the lien foreclosure action should have the sweeping effect now claimed for it by respondent, he would and should have so provided in the judgment entered. In our opinion respondent established, by the judgment asserted as a bar, no right other than that of immunity from a claim in a subsequent action that appellant was entitled to a lien against the funds due respondent from the State of New York. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. [4 Misc 2d 818.]