E-J ELECTRIC INSTALLATION Co., Appellant, v MILLER & RAVED, Inc., Respondent, et al., Defendants.

First Department, March 9, 1976

*Franklin E. Tretter* of counsel *(McDonough, Schneider, Marcus, Cohn & Tretter,* attorneys), for appellant.

*Dennis M. Gonski* of counsel *(Zane & Zane,* attorneys), for respondent.

KUPFERMAN, J. In this action to foreclose a mechanic's lien, the plaintiff appeals from a denial of its motion to dismiss several counterclaims. The defendant-respondent takes the position that the lien in the sum of some $39,000 alleged to be the amount unpaid for labor and material in an arrangement for electrical work for a total agreed price of over $300,000, is exaggerated in violation of section 39 of the Lien Law. In furtherance of this contention, the defendant-respondent counterclaims for negligence and breach of duty in filing an exaggerated claim (fifth counterclaim), defamation (sixth and part of third counterclaim), and abuse of process (seventh counterclaim), alleging damages under these various counterclaims, including punitive damages, of over a million dollars.

While there must first be a determination that the exaggeration, if any, was willful *(Goodman v Del-Sa-Co Foods,* 15 NY2d 191; 39 St John's L Rev 393), the issue is whether the defendant's remedy is under section 39 of the Lien Law to declare the lien invalid (see *Aeschlimann v Presbyterian Hosp.,* 165 NY 296), and for the liability provided for in section 39-a *or* whether one wronged by the willful exaggeration may maintain other claims as well.

The mechanic's lien is a creature of statute existing neither in common law nor in equity in the absence of a legislative act. *(Canal Co. v Gordon,* 6 Wall [73 US] 561, 571; *Birmingham Iron Foundry v Glen Cove Starch Mfg. Co.,* 78 NY 30, 32.)

The provision with respect to excessive lien claims was intended to punish willful exaggeration and not honest differences *(Goodman v Del-Sa-Co Foods, supra; Durand Realty Co. v Stolman,* 197 Misc 208 [VALENTE, J.], affd without opn 280 App Div 758) and to protect an owner or contractor "against fictitious, groundless and fraudulent liens by unscrupulous lienors." (37 NY Jur, Mechanics' Liens, § 69, p 188.)

Section 39-a of the Lien Law with respect to willful exaggeration, in pertinent part reads as follows: "The damages which said owner or contractor shall be entitled to recover, shall include the amount of any premium for a bond given to obtain the discharge of the lien or the interest on any money deposited for the purpose of discharging the lien, reasonable attorney's fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon." Once the court has determined the exaggerated amount and the portion thereof found to be "willful", certain specific damages are covered, such as the premium for the bond given to discharge the lien and reasonable attorney's fees for securing the discharge, *plus* the amount determined to be the product of willful exaggeration. This obviously makes the punishment fit the crime, and, in this context, should be exclusive.

In the view we take of the application of section 39-a of the Lien Law, it is unnecessary to consider the otherwise questionable validity of the fifth counterclaim or the acceptability of the sixth and seventh counterclaims. Also, the rights of the parties under the basic contractual arrangements are in no way foreclosed by this determination as to the counterclaims with respect to the enforcement of the mechanic's lien. *(Lepore v Grandview Constr. Corp.,* 4 AD2d 960, affd without opn 5 NY2d 897; *Hutchinson Roofing & Sheet Metal Co. v Gillert Constr. Corp.,* 275 App Div 1048; *Grimpel v Hochman,* 74 Misc 2d 39, 47.)

Finally, we express no opinion on the result which would follow should the lien be discharged *(Joe Smith, Inc. v Otis-Charles Corp.,* 279 App Div 1, affd without opn 304 NY 684) or the lienor attempt to withdraw or reduce the amount of the lien and thus attempt to cut off counterclaims for willful exaggeration. (See *Matter of Upstate Bldrs. Supply Corp.,* 37 AD2d 901, app dsmd 30 NY2d 515; see 39 St John's L Rev, *supra,* 397.)

The order of the Supreme Court, Bronx County (BRUST, J.), entered June 12, 1975, denying the motion to dismiss the fifth, sixth and seventh counterclaims and that part of the third counterclaim alleging causes of action other than that provided for in sections 39 and 39-a of the Lien Law with respect to alleged willful exaggeration of the lien, reversed on the law

and those counterclaims dismissed, without costs and without disbursements. If so advised, the defendant-respondent is given leave to file an amended answer within 20 days of the publication of the order herein in order to restate the counter-claims in accordance with this opinion.

STEVENS, P.J., BIRNS, LANE and YESAWICH, JJ., concur.

Order, Supreme Court, Bronx County, entered on June 12, 1975, unanimously reversed, on the law, without costs and without disbursements, and the fifth, sixth and seventh and part of the third counterclaims dismissed. If so advised, the defendant-respondent is given leave to file an amended answer within 20 days of the publication of the order herein to restate the counterclaims in accordance with the opinion of this court filed herein.