■ DINO J. BOULOUKOS, Respondent, v NATHAN BLANK et al., Defendants, and CITY OF YONKERS, Appellant. [609 NYS2d 89] —In a negligence action to recover damages for personal injuries, etc., the defendant City of Yonkers appeals from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated February 24, 1992, which, after a nonjury trial finding it 50% at fault in the happening of the accident, is in favor of the plaintiff and against it in the principal sum of $170,095.

Ordered that the judgment is affirmed, with costs.

On March 31, 1988, the plaintiff was driving his motorcycle northbound on Central Park Avenue in Yonkers, intending to turn right onto Jackson Avenue. The defendant Nathan Blank, who was 79 years old at the time, was stopped at a red light in the southbound left-turn lane on Central Park Avenue, waiting to turn into the Caldor Shopping Center. The traffic lights were green in the plaintiff's favor, and as he neared the Caldor Shopping Center, which is south of Jackson

Avenue, he prepared to change lanes. He checked his rear-view mirror and looked to his right. When he looked forward, Blank's car was directly in front of him. According to Blank, he proceeded only after receiving a green left-turn arrow and did not see the plaintiff before he hit him. The front of Blank's car struck the side of the plaintiff's motorcycle, and the plaintiff suffered extensive injuries.

The plaintiff brought the present action against, *inter alia,* the City of Yonkers (hereinafter the City), the entity responsible for maintaining the intersection. The plaintiff claimed that the City had been negligent in its maintenance of the traffic signal.

At trial, Robert Leonetti, the City's Traffic Engineer at the time of the accident, testified that the traffic light in question is equipped with a conflict monitor, a device which, if operating properly, prevents southbound traffic on Central Park Avenue from having a green left-turn arrow at the same time that the northbound traffic has a green light. Leonetti testified that, if such a situation occurred or were about to occur, the conflict monitor would cause the traffic signals to flash yellow lights. Leonetti also testified that he had no knowledge with regard to whether the conflict monitor was operating properly on the date of the accident.

After a nonjury trial, the court found in favor of the plaintiff. The trial court credited the testimony of the plaintiff and Blank, finding that Blank had a green left-turn arrow at the same time that the traffic light for the northbound traffic was green.

"Where, as here, a case is tried without a jury, our power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses. Moreover, the trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence" *(Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830; *see also, Nicastro v Park,* 113 AD2d 129).

We find that the conclusions of the trial court are based upon a fair interpretation of the evidence, and we reject the City's contention that the verdict is against the weight of the evidence. The City's contention that the trial court should not have credited Blank's testimony that the left-turn arrow was green because his driving ability may have been diminished

due to his advanced age is not supported by the record. The portions of Blank's testimony at his examination before trial which were read into evidence reveal that Blank recalled in great detail the events leading up to the accident. While Blank may have been negligent "in failing 'to see what by the proper use of [his] senses [he] might have seen' " *(Levitt v County of Suffolk,* 166 AD2d 421, 423, quoting *Weigand v United Traction Co.,* 221 NY 39, 42) (i.e., the plaintiff), he stated that once the arrow turned green he "didn't look at anything." Thus, Blank's failure to see the plaintiff does not render his testimony that the left-turn arrow was green incredible as a matter of law.

Finally, we agree with the trial court that the City had sufficient notice that there was a problem with the traffic light in question through a letter which was forwarded to the City by the New York State Department of Transportation. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.