■ MARVIN GREENBERG et al., Respondents, v ROBERT BEHLEN, Doing Business as BEHLEN DESIGNS, Appellant. [633 NYS2d 189] —In an action to recover damages for defective workmanship, the defendant appeals from a judgment of the Supreme Court, Nassau County (Capilli, J.H.O.), entered June 9, 1994, which, after a nonjury trial, is in favor of the plaintiffs and against the defendant in the principal sum of $10,312.

Ordered that the judgment is affirmed, with costs.

After a nonjury trial, the court awarded judgment in favor of the plaintiffs. The trial court credited the testimony of the plaintiffs and their expert, finding that the discoloration of the tile grout was the result of the defendant's faulty workmanship.

We find that the evidence was legally sufficient to support a verdict in favor of the plaintiffs (see, Cohen v Hallmark Cards, 45 NY2d 493).

Moreover, we find that the conclusions of the trial court were based upon a fair interpretation of the evidence, and we

reject the defendant's contention that the verdict is against the weight of the evidence. The test of whether a verdict is against the weight of the evidence is whether the verdict could be reached by any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129). A verdict should not be set aside as against the weight of the evidence merely because a different conclusion could be reached *(see, Bouloukos v Blank,* 202 AD2d 539; *Vaniglia v Northgate Homes, Northgate Props.,* 137 AD2d 806). "Where * * * a case is tried without a jury, [the] power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" *(Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830; *see also, Nicastro v Park, supra).*

The defendant's contention that the trial court should not have credited the testimony of the plaintiffs' expert because the true cause of the faulty workmanship was never revealed is not supported by the record. The expert's testimony revealed in great detail the proper application of epoxy grout and tiles and the need to keep the product free from dirt contamination. While the expert may not have been able to pinpoint the exact origin of the contamination, he stated that once the epoxy becomes contaminated with dirt it will discolor. The evidence reveals that the contamination occurred during the period when the grout was mixed and applied. Thus, the expert's failure to determine the exact time or origin of the contamination of the epoxy does not render his testimony incredible as a matter of law. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.