■ EDWARD WEAVER, Doing Business as UNITED BUILDING, Respondent, v RALPH ACAMPORA et al., Appellants, et al., Defendant. [642 NYS2d 339] —Yesawich Jr., J. Appeal from an order and judgment of the Supreme Court (Mycek, J.), entered April 6, 1995 in Saratoga County, upon a decision of the court in favor of plaintiff.

Plaintiff contracted to construct a house and barn for defendants Ralph and Isabelle Acampora (hereinafter collectively referred to as defendants), for which they were to pay $210,000. In July 1993—by which time the project was partially completed and plaintiff had received a total of $57,500 in contract payments—a dispute arose between the parties, as a result of which plaintiff filed a mechanic's lien against defendants' property in the amount of $60,113.38 and defendants locked plaintiff out of the building site.

The parties' adversarial attitude having hardened, plaintiff commenced this action for breach of contract, seeking damages and to foreclose the lien. Defendants, in their answer, interposed affirmative defenses and counterclaims alleging, *inter alia*, willful exaggeration of the lien, breach of contract, fraud, abuse of process and intentional infliction of emotional distress. After a nonjury trial, Supreme Court found plaintiff entitled to recover $53,118.72, plus interest. Judgment was entered accordingly, and defendants appeal.

We affirm. The premise underlying much of defendants' argument on appeal is that Supreme Court erred in declining to find that plaintiff had willfully exaggerated the amount of the lien, by significantly overcharging for some additional work requested by defendants after construction had begun, and by failing to subtract the cost of materials defendants supplied. While Supreme Court found that the actual cost of implementing defendants' change orders was somewhat less than that claimed by plaintiff, the value of the changes was the subject of conflicting testimony, and we cannot say that it was unreasonable for the court to conclude that defendants failed to show that the discrepancy was the result of an intentional or deliberate overstatement, rather than merely an honest disagreement as to value (*see, Jones Constr. Co. v Parklaw Realty*, 76 AD2d 1018, *affd* 53 NY2d 718; *E-J Elec. Installation Co. v Miller & Raved*, 51 AD2d 264, 265, *appeal dismissed* 39 NY2d 898). As for the amounts defendants spent on materials, plaintiff cannot be faulted for not crediting them with these sums when filing the lien, for they neglected to provide him with any receipts showing the cost of the items purchased. Defendants' assertion, that plaintiff refused to reduce the

amount of the lien when confronted with evidence demonstrating the impropriety of some of the charges included therein, not being borne out in the record, must likewise be rejected.

Also unavailing is defendants' contention that it was plaintiff, not they, who breached the contract first, by failing to abide by its requirement that all change orders be in writing, and by insisting on payment prior to completing the stages of construction set out in an amended payment schedule. Plaintiff's testimony, which Supreme Court implicitly credited, established that defendants had agreed not to adhere rigidly to the amended schedule, had orally requested the changes at issue and had accepted the work performed pursuant thereto. Since the record provides no compelling reason to discountenance this credibility assessment (*see, New Day Bldrs. v SJC Realty,* 219 AD2d 623, 624), defendants were properly found to have waived their contractual right to insist upon strict compliance with these conditions (*see, Care Sys. v Laramee,* 155 AD2d 770, 771). There is also ample support in the record for Supreme Court's conclusion that defendants did not carry their burden of proving that plaintiff did not perform his contractual obligations in a workmanlike manner, or that he did not timely pay those materialmen and subcontractors to whom payment was due.

With respect to the remainder of defendants' contentions, it suffices to note that the filing of a mechanic's lien, seeking recovery of an amount reasonably believed to be due for work performed on the property that is the subject thereof, does not, without more, constitute abuse of process (*see, Key Bank v Lake Placid Co.,* 103 AD2d 19, 27, *appeal dismissed* 64 NY2d 644), nor is it the type of outrageous and unacceptable conduct that could prompt a finding of intentional infliction of emotional distress. As for defendants' fraud claim, it fails because they have not demonstrated that they suffered any damage as a result of plaintiff's alleged misrepresentation of the purpose for his request that they initial a set of plans showing the changes made to the contract specifications; notably, defendants do not assert that the work was not actually performed, and plaintiff has not relied on defendants' initialing as an admission of the value of the modifications or otherwise used it to their detriment.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order and judgment is affirmed, with costs.