(January 24, 2000)

■ A & S TRUCKING SERVICE, INC., et al., Claimants, v NEW YORK STATE THRUWAY AUTHORITY, Defendant. (Claim No. 1.) (Claim No. 75782.) FREDERICK SCHAEFER, Claimant, v NEW YORK STATE THRUWAY AUTHORITY, Defendant and Third-Party Claimant-Respondent. CONTINENTAL CASUALTY INSURANCE COMPANY, Third-Party Defendant-Appellant. (Claim No. 6.) (Claim No. 78345.) (And Four Other Titles.) [702 NYS2d 347] —In related claims, *inter alia,* to recover damages for injury to property and a third-party claim in Claim No. 6 for a judgment declaring the rights of the parties under certain insurance policies, Continental Casualty Insurance Company, the third-party defendant in Claim No. 6, appeals from a judgment of the Court of Claims (King, J.), dated November 27, 1998, which, after a nonjury trial, declared that it was obligated to provide a defense to the defendant third-party claimant New York State Thruway Authority in the main claims.

Ordered that the judgment is affirmed, with costs.

The determination of a trial court after a nonjury trial should not be disturbed on appeal unless it is not supported by legally sufficient evidence or could not have been reached by any fair interpretation of the evidence (*see, Greenberg v Behlen,* 220 AD2d 720). The evidence here is legally sufficient to support the determination that the appellant was equitably estopped from denying coverage to the defendant third-party plaintiff. Further, the determination was based upon a fair interpreta-

tion of the evidence (*see, Brooklyn Hosp. Ctr. v Centennial Ins. Co.,* 258 AD2d 491; *Indemnity Ins. Co. v Charter Oak Ins. Co.,* 235 AD2d 521). Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.