■ MARTIN IRON & CONSTRUCTION Co., Respondent, v GRACE INDUSTRIES, INC., et al., Appellants, et al., Defendants. (And Another Action.) [788 NYS2d 166]—

In an action to foreclose mechanics' liens, the defendants Grace Industries, Inc., Seaboard Surety Company, and St. Paul Fire & Marine Insurance of St. Paul, Minnesota, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated March 13, 2003, as, after a nonjury trial, awarded the plaintiff the sum of $422,964.60, and (2) so much of a judgment of the same court dated May 30, 2003, as is in favor of the plaintiff and against them in the principal sum of $422,964.60.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A determination of a trial court after a nonjury trial should not be disturbed on appeal unless it is not supported by legally sufficient evidence or could not have been reached by any fair interpretation of the evidence (*see A & S Trucking Serv. v New York State Thruway Auth.,* 268 AD2d 493 [2000]; *Greenberg v Behlen,* 220 AD2d 720 [1995]; *see also Mechwart v Mechwart,* 292 AD2d 354 [2002]).

We find no reason to disturb the Supreme Court's finding that the defendant general contractor, Grace Industries, Inc. (hereinafter Grace), knew of the unauthorized subcontract between its subcontractor, the plaintiff Martin Iron & Construc-

tion Co. (hereinafter Martin), and Atlas-Gem Erectors Co., Inc. (hereinafter Atlas), and Atlas's involvement in the rehabilitation of the elevated Gowanus Expressway, so as to constitute a waiver of Grace's objection thereto (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 403 [1957]; *Weaver v Acampora*, 227 AD2d 727 [1996]; *Matter of Niagara Frontier Transp. Auth.*, 209 AD2d 1009 [1994]; *Safway Steel Prods. v Craft Architectural Metals Corp.*, 183 AD2d 452 [1992]; *Expocorp v Hyatt Mgt. Corp. of N.Y.*, 134 AD2d 234 [1987]). Further, the quantum meruit award to Martin for the work performed on its behalf by Atlas was supported by the credible evidence adduced at the trial (*see Moors v Hall*, 143 AD2d 336, 337 [1988]). As the Supreme Court correctly determined, after Grace breached its subcontract with Martin, Martin was permitted to abandon any claim on or under the contract and sue in quantum meruit for the value of the work, labor, services, and materials furnished to Grace on its behalf (*see Paterno & Sons v Town of New Windsor*, 43 AD2d 863, 864 [1974]).

The appellants' remaining contentions either are unpreserved for appellate review or without merit. S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.