■ MARTIN A. HALPERN, Respondent-Appellant, v GOLDSTEIN & HALPERN, C.P.A., et al., Appellants-Respondents. [795 NYS2d 599]—

In an action pursuant to Partnership Law § 63, inter alia, for the dissolution of two partnerships and for an accounting, the defendants, Goldstein & Halpern, C.P.A., Goldstein, Karlewicz & Goldstein, C.P.A., Martin Goldstein, Scott Goldstein, Donald Karlewicz, Elliott Boxer, and 501 Associates, appeal from stated portions of a judgment of the Supreme Court, Rockland County (Friedman, J.H.O.), dated June 23, 2003, which, upon, among other things, the striking of the defendants' answer and an inquest on damages, and upon, inter alia, a finding that the plaintiff was entitled to damages in the sums of $500,000 for goodwill and $10,487.78 for improper reimbursements paid by the defendant 501 Associates to the defendant Martin Goldstein, among other things, is in favor of the plaintiff and against the defendants Goldstein & Halpern, C.P.A., Goldstein, Karlewicz & Goldstein, C.P.A., Martin Goldstein, Scott Goldstein, and Donald Karlewicz in the principal sum of $629,593.98, and against the defendants 501 Associates and Martin Goldstein in the principal sum of $124,713.78, and the plaintiff cross-appeals from so much of the same judgment as failed to award him damages for his share of the alleged uncollected accounts receivable of the defendant Goldstein & Halpern, C.P.A., damages for all of the defendant Martin Goldstein's alleged partnership profits from the

defendant 501 Associates, and damages for rent that the defendant 501 Associates allegedly should have charged the defendant Goldstein, Karlewicz & Goldstein, C.P.A.

Ordered that the appeal by the defendant Elliott Boxer is dismissed, without costs or disbursements, as that defendant is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, (1) by reducing the award to the plaintiff in the sum of $500,000 for goodwill, payable by the defendants Goldstein & Halpern, C.P.A., Goldstein, Karlewicz & Goldstein, C.P.A., Martin Goldstein, Scott Goldstein, and Donald Karlewicz, to $400,000 and by reducing the principal sum awarded to the plaintiff in the first decretal paragraph of the judgment from the sum of $629,593.98 to the sum of $529,593.98, (2) by reducing the award to the plaintiff in the sum of $10,487.78 for improper reimbursements paid by the defendant 501 Associates to the defendant Martin Goldstein, payable by the defendants 501 Associates and Martin Goldstein, to $2,359.75 and by reducing the principal sum awarded to the plaintiff in the second decretal paragraph from the sum of $124,713.78 to the sum of $116,585.25, and (3) by deleting the fourth decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate amended judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On appeal from a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses'" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499, quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1983]; *We're Assoc. Co. v Rodin Sportswear*, 288 AD2d 465 [2001]; *DiBruno v Abrams*, 208 AD2d 672, 674 [1994]). However, a determination of a trial court after a nonjury trial should not be disturbed on appeal unless it is not supported by legally sufficient evidence or could not have been reached by any fair interpretation of the evidence (*see A & S Trucking Serv. v New York State Thruway Auth.*, 268 AD2d 493 [2000]; *Greenberg v Behlen*, 220 AD2d 720 [1995]; *see also Mechwart v Mechwart*, 292 AD2d 354 [2002]).

Contrary to the defendants' contention, the Supreme Court properly credited the testimony of the plaintiff's expert regard-

ing the value of the plaintiff's share of goodwill. However, the Supreme Court improvidently exercised its discretion in failing to reduce the $500,000 award for goodwill by a 20% minority interest discount. The plaintiff was a minority partner, and the plaintiff's expert acknowledged during cross-examination that his decision not to apply the minority interest discount in determining the value of the plaintiff's share of goodwill was not the generally-accepted standard in valuation. Therefore, the $500,000 award for goodwill should have been reduced to $400,000.

Further, the Supreme Court erred in awarding the sum of $10,487.78 representing 100% of the improper reimbursements which were paid by the defendant partnership 501 Associates to the defendant Martin Goldstein. The plaintiff only held a 22.5% interest in the defendant partnership 501 Associates, and therefore his award should have been reduced to the sum of $2,359.75.

The Supreme Court's determinations with respect to the remaining awards were based upon legally sufficient evidence and a fair interpretation of the evidence, and should not be disturbed.

The parties' remaining contentions are without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.