ULTRA FLEX PACKAGING CORP., Appellant-Respondent, v I.J. LITWAK & Co., INC., Respondent-Appellant. [799 NYS2d 743]—

In an action, inter alia, to recover damages pursuant to a lease, the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated June 14, 2004, as, after a nonjury trial, in effect, determined that, under the lease between the parties, the defendant was obligated to repair the roof of the demised premises but not obligated to replace it, and the defendant cross-appeals, as limited by its brief, from so much of the same judgment as, in effect, dismissed its counterclaim to recover damages based upon the plaintiff's alleged breach of the subject lease.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In interpreting a written contract, the objective is to determine what was the intention of the parties as derived from the language employed (*see Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 171-172 [1973]). In this case, the lease, read as a whole to determine its purpose and intent (*see Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 347 [1955]), plainly manifested the defendant's intention to accept the obligation to bear the cost of any substantial repairs to the roof exceeding $500 per annum. Therefore, the Supreme Court properly determined that the defendant was obligated to repair the roof of the demised premises.

"A determination of a trial court after a nonjury trial should not be disturbed on appeal unless it is not supported by legally sufficient evidence or could not have been reached by any fair interpretation of the evidence" (*Martin Iron & Constr. Co. v Grace Indus., Inc.*, 14 AD3d 495 [2005], *lv denied* 5 NY3d 705 [2005]; *see A & S Trucking Serv. v New York State Thruway Auth.*, 268 AD2d 493 [2000]).

We find no reason to disturb the Supreme Court's determination that the defendant was obligated to repair the subject roof,

rather than to replace it, as requested by the plaintiff. The determination was not against the weight of the evidence (*see Matter of Sawhorse Lbr. & More v Amell*, 2 AD3d 1082, 1083-1084 [2003]; *see generally Nicastro v Park*, 113 AD2d 129, 134 [1985]; *cf. Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]).

The defendant's remaining contention is without merit. Prudenti, P.J., Florio, Adams and Cozier, JJ., concur.