■ In the Matter of HUMBERT CARL VERDESCHI, Deceased. ROBERT PRIAULX, Respondent; GERALD TEPPER, Appellant, et al. Respondents. [882 NYS2d 440]—

In a turnover proceeding, inter alia, pursuant to SCPA 2103 and 2104, in which the petitioner seeks to dissolve a closely-held corporation pursuant to Business Corporation Law § 1104-a, Gerald Tepper appeals, as limited by his brief, from so much of (1) an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated September 29, 2006, as granted that branch of the petitioner's motion which was for summary judgment on the issue of his liability and denied his cross motion for summary judgment dismissing the petition insofar as asserted against him, and (2) a decree of the same court (Friedman, J.H.O.), dated November 2, 2007, as, upon the order dated September 29, 2006, and a decision dated September 11, 2007, after a nonjury trial, finding that he was individually liable for a proportionate share of the estate's interest in the closely-held corporation, decreed that he was individually liable to the estate in the sum of $189,112.76.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the decree (*see* CPLR 5501 [a] [1]).

The Surrogate's Court correctly held that the petitioner, as administrator of the decedent's estate (hereinafter the administrator), satisfied his prima facie burden of showing that the surviving shareholders had "looted, wasted, or diverted" corporate assets, thus entitling him to summary judgment on the issue of liability pursuant to Business Corporation Law § 1104-a (a) (2). As corporate officers, the surviving shareholders stood in a fiduciary relationship to their corporation and were not allowed to divert and exploit for their own benefit any opportunity that should be deemed an asset of the corporation (*see Yu Han Young v Chiu,* 49 AD3d 535, 536 [2008]). Their establishment of a new corporation with two of the same principals, which used the same office, equipment, and furniture, and which served many of the same clients, violated that duty (*id.; see Matter of Greenberg [Madison Cabinet & Interiors],* 206 AD2d 963, 964 [1994]). In opposition, the appellant, who was a surviving shareholder and a full-time employee in the new corporation, failed to raise a triable issue of fact sufficient to defeat summary judgment on the issue of his liability. Specifically, he failed to adduce any evidence in support of his contention that the administrator had steered the decedent's clients away from the corporation in an attempt to force a judicial dissolution (*cf. Matter of Cassata v Brewster-Allen-Wichert, Inc.,* 248 AD2d 710, 711-712 [1998]; *see generally Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 74 [1984]). Moreover, the Surrogate's Court properly denied the appellant's cross motion for summary judgment dismissing the petition insofar as asserted against him on the ground that he failed to submit evidence in admissible form (*see* CPLR 3212 [b]).

Contrary to the appellant's contention, the judicial hearing officer was directed to "hear and determine" all issues concerning the "judicial dissolution" of the corporation and, thus, possessed the same powers as the Surrogate's Court to conduct a nonjury trial on the issue of damages and to render a final decree (*see* CPLR 4301, 4311, 4319, 5016 [c]; *Muir v Cuneo,* 251 AD2d 638, 639 [1998]). In reviewing that determination, "this Court's authority is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge

had the advantage of seeing the witnesses" (*State Farm Mut. Auto. Ins. Co. v Stack*, 55 AD3d 594, 595 [2008], citing *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Halpern v Goldstein & Halpern, C.P.A.*, 18 AD3d 432 [2005]). Here, the judicial hearing officer properly credited the testimony of the administrator's expert witness regarding the value of the decedent's share of the value of the corporation, including the value of goodwill, and properly rejected the testimony of the expert testifying for the surviving shareholders (*see Halpern v Goldstein & Halpern, C.P.A.*, 18 AD3d at 433-434). As the Surrogate's order properly granted summary judgment on the issue of liability upon the establishment of grounds for the dissolution of the corporation pursuant to Business Corporation Law § 1104-a (a) (2), the court was authorized, in its discretion, to provide for the distribution of the decedent's interest in the corporation to the estate pursuant to Business Corporation Law § 1111 (c). The court providently exercised its discretion in fashioning a remedy, and we see no reason to disturb it.

The appellant's conclusory assertion that the decree contains mathematical errors is not properly before us as he failed to move to resettle to correct a mistake or defect in the decree (*see* CPLR 5019 [a]; *Salamone v Wincaf Props.*, 9 AD3d 127, 133-134 [2004]; *Too Pyo Hong v Byung Wha Yoo*, 231 AD2d 657, 659 [1996]).

The appellant's remaining contentions are not properly before this Court or are without merit. Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.