(December 5, 1968)

■ 342 HOLDING CORP. et al., Respondents, v. CARLYLE CONSTRUCTION CORP. et al., Appellants.— Judgment is unanimously modified on the law to dismiss the complaint as against Carlyle Construction Corp., and on the law and on the facts to order a new trial against Delma Engineering Corp., only with respect to the damages alleged to have been suffered by the plaintiff Mabux Restaurant, Ltd., by way of loss of profits, with $50 costs and disbursements to defendant Carlyle Construction Corp., and as between the defendant Delma and plaintiff Mabux Restaurant, Ltd., costs to abide the event, and without any other costs or disbursements, and as modified the judgment is affirmed. Disregarding the hearsay evidence and other incompetent testimony, there is no proof whatsoever to show that defendant Carlyle Construction Corp., was the owner or the builder of the adjoining property. Therefore the complaint should be dismissed as against Carlyle Construction Corp. We find that there is no competent proof to establish damage by way of loss of profits, which the plaintiff Mabux Restaurant, Ltd., asserts that it would have realized from the operation of its outdoor restaurant, but for the damage done to the property. Loss of profits need not be proven to an exactitude, but can be sustained if reasonably supported by the evidence. (*Eastman Kodak Co. v. Southern Photo Co.*, 273 U. S. 359.) However, we may not sustain a finding of damages through loss of profits where it is evident that it was arrived at upon the basis of a patently improper formula.

The only manner by which loss of profits were sought to be proved was the one testified to by the plaintiff's accountant. He testified that the gross profit was 66⅔% of each of the customer's bill. However, in arriving at the 66⅔% profit he considered only the cost of food and liquor by way of expense. His testimony failed to account for whatever relevant overhead should be considered. Moreover, there was no proof as to the gross income received by Mabux Restaurant, Ltd., from the operation of the outdoor terrace. This was insufficient to establish the amount of profits which were lost by the plaintiff. Therefore, a new trial with regard to damage by way of loss of profits must be ordered as against Delma Engineering Corp. We might add that it seems incredible that the plaintiff Mabux Restaurant, Ltd., could be said to have lost $7,000 in profits from its outdoor operation for a period of about six months, when the testimony revealed that during a period of six years the entire restaurant operation showed a profit only during three of those years, and that the total profit for those three years, combined, amounted to only $1,700. Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.