■ PENCOM SYSTEMS, INCORPORATED, Appellant, v ALAN SHAPIRO, Respondent. [598 NYS2d 212] —Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered August 6, 1992, which granted defendant's motion pursuant to CPLR 4404 (b) for a new trial as to damages, unanimously affirmed, without costs.

The court found that defendant, a former employee of plaintiff, breached a restrictive covenant not to compete following his departure from plaintiff's employ. As a result, we agree with Trial Term that the proper measure of damages is the net profit of which plaintiff was deprived by reason of defendant's improper competition with plaintiff *(Support Sys. Assocs. v Tavolacci,* 135 AD2d 704, 707; *Weinrauch v Kashkin,* 64 AD2d 897, 898). Disgorgement of defendant's profits would be the proper measure of damage if defendant had used the trade secrets for his own benefit while still in plaintiff's employ.

Moreover, Trial Term correctly declined to issue an injunction since the parties' employment agreement contained but a one-year nonsolicitation clause and the one year has long since passed. A permanent injunction need not issue where

plaintiff may be made whole in damages. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Nardelli, JJ.