■ In the Matter of BARBARA S. JAMES S., Appellant; SUF-FOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [688 NYS2d 889] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered January 30, 1998, made after a hearing, which extended a prior order of disposition entered December 16, 1996, as amended March 19, 1997, denying him visitation with the subject child for a period of 12 months.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The extended order of disposition which is the subject of this appeal has expired by its own terms. Therefore, because any corrective measures which this Court might have taken with regard to the order on appeal would have no practical effect, the appeal is academic (see, Matter of Julia M., 255 AD2d 326; Matter of Keith C., 226 AD2d 369, 370; Matter of New York City Dept. of Social Servs. [Kalisha A.] v Diognes T., 208 AD2d 844). Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.

■ In the Matter of JOHN N. SANTEMMA, Appellant, v CHASCO Co. et al., Respondents. [689 NYS2d 220] —In a proceeding pursuant to Judiciary Law § 475 to fix and enforce an attorney's lien, the petitioner appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated March 27, 1998, as amended February 24, 1999, which, after a hearing, awarded the petitioner attorney's fees of $27,000 and fixed a lien in that amount.

Ordered that the order, as amended, is affirmed, with costs.

The determination as to whether legal fees are reasonable under the circumstances is a matter within the sound discretion of the hearing court (see, Matter of Freeman, 34 NY2d 1, 9-10). After a hearing, the Supreme Court determined that an award of $27,000 to the petitioner was reasonable based on the time and labor spent, the lack of any complex or extraordinary questions, the petitioner's marginal influence in achieving the result, the customary hourly fee charged by practitioners in that community for such services since 1991, and the experience and status of the petitioner in tax certiorari matters in the community (see, Matter of Freeman, supra). We find no basis in the record to disturb the court's determination. Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.