■ EARTH ALTERATIONS, LLC, Respondent-Appellant, v KEVIN FARRELL et al., Appellants-Respondents. [800 NYS2d 744]—

In an action to recover damages for breach of a covenant not to compete, the defendants appeal from (1) a judgment of the Supreme Court, Putnam County (Shapiro, J.), dated May 5, 2004, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $107,343, and (2) a judgment of the same court entered October 1, 2004, awarding the plaintiff an attorney's fee in the principal sum of $57,673.70 including check reproduction costs in the sum of $2,248, and the plaintiff cross-appeals, as limited by its brief, from so much of the judgment dated May 5, 2004, as awarded it the principal sum of only $107,343.

Ordered that the judgment dated May 5, 2004, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment entered October 1, 2004, is modified, on the facts, by deleting the provision thereof awarding the

plaintiff check reproduction costs in the sum of $2,248, and substituting therefor a provision awarding the plaintiff check reproduction costs in the sum of $1,124; as so modified, the judgment entered October 1, 2004, is affirmed, without costs or disbursements.

In 1996 the defendant Kevin Farrell and Louis Bonavenia founded the plaintiff, Earth Alterations, LLC. At the same time, Farrell and Bonavenia entered into an operating agreement which contained a covenant not to compete, which was to run for a period of three years from the time either party left the plaintiff's employ. The agreement was later modified to alter the duration of the covenant to a period of 18 months. The plaintiff commenced this action to recover damages based upon Farrell's alleged breach of the covenant not to compete. After a nonjury trial, the court found in favor of the plaintiff. We affirm.

The determination of a trial court after a nonjury trial should not be disturbed on appeal unless it is not supported by legally sufficient evidence or could not have been reached by any fair interpretation of the evidence (see A & S Trucking Serv. v New York State Thruway Auth., 268 AD2d 493 [2000]; Greenberg v Behlen, 220 AD2d 720 [1995]). Furthermore, in a nonjury trial, evaluating the credibility of witnesses, as well as determining which of the proffered items of evidence are most credible are matters committed to the court's discretion (see Solomon v Solomon, 276 AD2d 547 [2000]; L'Esperance v L'Esperance, 243 AD2d 446 [1997]).

The Supreme Court properly determined that Farrell breached the covenant not to compete within 18 months after his departure from the plaintiff's employ when he and his company, the defendant Crystal Construction, LLC, engaged in business with one of the plaintiff's customers. Furthermore, contrary to the defendants' contention, the plaintiff met its burden of proving a net loss of profits due to the defendants' competition. "[T]he proper measure of damages [for breach of a restrictive covenant not to compete] is the net profit of which plaintiff was deprived by reason of defendant[s'] improper competition with plaintiff" (Pencom Sys. v Shapiro, 193 AD2d 561 [1993]; see also Gomez v Bicknell, 302 AD2d 107 [2002]; Support Sys. Assoc. v Tavolacci, 135 AD2d 704 [1987]).

The evidence submitted was sufficient to support the court's award of an attorney's fee (see generally Matter of Freeman, 34 NY2d 1; Matter of McNamee, Lochner, Titus & Williams [Killeen], 267 AD2d 919 [1999]; Matter of Santemma v Chasco Co., 261 AD2d 408 [1999]). However, as correctly conceded by

the plaintiff, the court erroneously awarded check reproduction costs as part of its counsel fee award twice. Therefore, the judgment entered October 1, 2004, must be modified to award the proper check reproduction costs in the sum of $1,124.

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.