■ GEORGE ANASTASIO, Respondent-Appellant, v ARTHUR BARTONE et al., Appellants-Respondents. [802 NYS2d 512]—

In an action, inter alia, for an accounting, the defendants appeal from so much of a judgment of the Supreme Court, Nassau County (Joseph, J.), entered March 5, 2004, as, after a nonjury trial, determined that the plaintiff was a one-third owner of the defendant corporation, and directed the defendant corporation to submit to an audit for the years 1993 through 1999 to determine outstanding debts and profits, and the plaintiff cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent-appellant.

On appeal from a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the Trial Judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 134 [1930]; *see We're Assoc. Co. v Rodin Sportswear*, 288 AD2d 465 [2001]). The determination of a trial court after a nonjury trial should not be disturbed on appeal unless it is not supported by legally sufficient evidence or could not have been reached by any fair interpretation of the evidence (*see A & S Trucking Serv. v New York State Thruway Auth.*, 268 AD2d 493 [2000]; *Greenberg v Behlen*, 220 AD2d 720 [1995]). In a nonjury trial, evaluating the credibility of witnesses, as well as determining which of the proffered items of evidence are most credible, are matters committed to the court's discretion (*see*

*Solomon v Solomon,* 276 AD2d 547 [2000]; *L'Esperance v L'Esperance,* 243 AD2d 446 [1997]).

Contrary to the defendants' contention, the Supreme Court properly determined that the plaintiff was a one-third owner of the corporate defendant, Barco Construction Corp. The evidence showed that the plaintiff was given shares in the corporate defendant while there were two other owners of the company and that the intent was for him to become a one-third owner. Furthermore, the trial court correctly directed the corporate defendant to submit to an audit for the years 1993 through 1999 to determine the corporate defendant's debts and profits.

The defendants' remaining contentions are without merit. S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.