■ ROBIN TAHLER SCHEINER, Respondent, v BRAD SCHEINER et al., Defendants, and GREGORY RONAN et al., Appellants. [840 NYS2d 818]—

In an action, inter alia, to recover damages for fraud and legal malpractice, the defendants Gregory Ronan and Goddard Ronan & Dineen appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Davis, J.), dated April 20, 2005, as denied that branch of their motion which was for summary judgment dismissing the legal malpractice cause of action against them, and (2) so much of a judgment of the same court entered February 21, 2006, as, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $282,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the appellants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the legal malpractice cause of action against them on the ground that no attorney-client relationship existed between the defendant Gregory Ronan and the plaintiff. The appellants failed to establish, prima facie, their entitlement as a matter of law to such relief (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Due to the nature of Ronan's professional relationship with the plaintiff, including his undisputed ongoing representation of the plaintiff in a matter in which he assisted the plaintiff in accessing funds she inherited from a cousin, questions of fact existed as to whether an attorney-client relationship formed between Ronan and the plaintiff regarding Ronan's representation of the plaintiff in the investment of those same inherited funds (*see Moran v Hurst*, 32 AD3d 909, 910-911 [2006]; *see also Talansky v Schulman*, 2 AD3d 355, 357-358 [2003]).

Further, the evidence presented at the nonjury trial was legally sufficient to establish the plaintiff's legal malpractice cause of action (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Anastasio v Bartone*, 22 AD3d 617, 617-618 [2005]; *Earth Alterations, LLC v Farrell*, 21 AD3d 873, 874 [2005]).

The appellants' remaining contentions are without merit. Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.