Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered May 4, 2009, after a nonjury trial, awarding plaintiff the principal sum of $33,000, unanimously affirmed, *612 without costs. Appeals from orders, same court and J.H.O., entered April 20, 2009, which found in plaintiff’s favor, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Appeal from order, same court and J.H.O., entered April 20, 2009, which referred the issue of the amount of plaintiffs reasonable attorneys’ fees to a referee, unanimously dismissed, without costs, as abandoned.
Plaintiff was entitled to recover damages for defendant’s breach of the restrictive covenant in his employment agreement. The evidence supported the finding that defendant’s services were unique or irreplaceable in that, although the technical services he performed could have been done by others, his special value was in his relationships with Microsoft personnel, cultivated partially through the use of his expense account while employed by plaintiff (see generally BDO Seidman v Hirshberg, 93 NY2d 382 [1999]).
Defendant failed to preserve by specific objection at the time of trial his claim that a proper foundation was lacking for the admission of defendant’s new employer’s invoices to prove damages resulting from the diversion to the new employer of a project plaintiff would have been awarded had defendant still been in its employ (see AJW Partners, LLC v Peak Entertainment Holdings, Inc., 51 AD3d 505 [2008]). In any event, we find that the foundation was proper.
The judicial hearing officer properly exercised his broad discretion in limiting discovery and in granting an adjournment of the trial so that plaintiff could obtain a witness thought to be necessary (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 1 AD3d 223 [2003]). Plaintiff adequately explained the need for the witness.
The determination of damages was proper (see Pencom Sys. v Shapiro, 193 AD2d 561 [1993]; 342 Holding Corp. v Carlyle Constr. Corp., 31 AD2d 605, 606 [1968]), based on a fair interpretation of the evidence and the resolution of conflicting testimony regarding the expenses that likely would have been incurred in obtaining the revenue represented by the invoices (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
We have considered defendant’s remaining contentions and find them unavailing. Concur-Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.