■ ALAN S. ELKIN et al., Respondents, v URARN ASSOCIATES et al., Appellants, et al., Defendant. [899 NYS2d 312]—

In an action, inter alia, to recover damages for breach of contract, the defendants Urarn Associates, U.S.A. Construction Corp., Uri Sasson, and Arnold Garelick, appeal from a judgment of the Supreme Court, Rockland County (Hughs, R.), entered November 14, 2008, which, upon, inter alia, a decision of the same court dated June 6, 2008, made after a nonjury trial, is in favor of the plaintiffs and against the defendants Urarn Associates, Uri Sasson, and Arnold Garelick in the principal sum of $140,600.

Ordered that the appeal by the defendant U.S.A. Construction Corp. is dismissed, without costs or disbursements, as it is not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiffs the principal sum of $140,600, and substituting therefor a pro-

vision awarding the plaintiffs the principal sum of $54,500; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate amended judgment.

In October 2000 the plaintiff Alan Elkin (hereinafter Elkin) entered into a written contract with the defendant Urarn Associates (hereinafter Urarn) pursuant to which Elkin agreed to purchase from Urarn a vacant lot located in Rockland County, designated as "Lot 7" on a certain subdivision map. The defendants Uri Sasson and Arnold Garelick are Urarn's partners.

Insofar as relevant to this appeal, paragraph 31 of the contract provides as follows: "PRIVATE ROAD. Seller agrees to complete the private road (i.e. Sky Drive and Wood Lane), except the wearing course shall be completed after all the construction on all the lots is finished at Seller's sole cost and expense. Seller shall comply with the Town's requirements for any escrow for the completion of the wearing course. The Seller's obligations as to the foregoing is for the purpose of providing ingress and egress to the within roads and to install the utilities in said road at Seller's sole cost and expense for the purpose of servicing the lots which are sewer, water, gas, electric and telephone. This clause shall survive delivery of the deed." The phrases "at Seller's sole cost and expense," and "[t]his clause shall survive delivery of the deed," are handwritten into the contract, and resulted from negotiations during the closing.

Lot 7, now known as "14 Sky Drive, New City, New York," is shaped like a rectangular flag on top of a flag pole. In or around July 2002, the plaintiffs began constructing a house for themselves on the flattest part of the "flag" portion of lot 7.

Sometime in the 1980s, the appellants had a water main installed in Sky Drive with a service connection for lot 7. In August 2003, while construction of the plaintiffs' house on lot 7 was underway, the Rockland County Department of Health (hereinafter the Rockland County DOH) and the local water company informed the plaintiffs that, due to inadequate water pressure, the water main in Sky Drive could not service lot 7 with water. Thereafter, in the fall of 2003, Elkin, the individual defendants, and representatives of the Rockland County DOH and the local water company met to discuss potential solutions to the water supply problem. Ultimately, the plaintiffs paid for the installation of a water supply system at lot 7 that included a water pressure booster system that enabled the water main in Sky Drive to service lot 7 with water.

Subsequently, the plaintiffs commenced the instant action,

inter alia, to recover damages for breach of contract. The parties stipulated to have a referee hear and determine the case. After conducting a nonjury trial, the referee determined that Urarn breached its obligation under paragraph 31 of the contract to install utilities in Sky Drive for the purpose of servicing lot 7 with water, and that the plaintiffs are entitled to an award of damages from the defendants Urarn, Sasson, and Garelick in the principal sum of $140,600.

As this case was tried without a jury, this Court's authority is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses (*see Hoffinger Indus., Inc. v Alabama Ave. Realty, Inc.*, 68 AD3d 818, 820 [2009]; *Matter of Verdeschi*, 63 AD3d 1084, 1085 [2009]). We find that an award of damages only in the principal sum of $54,500 is warranted by the facts.

Initially, contrary to the defendants' contention, the evidence supports the referee's determination that Urarn breached the contract. By its plain language, paragraph 31 of the contract obligated Urarn to install utilities in Sky Drive for the purpose of servicing lot 7 with water—not, as the appellants' claim, simply to install utilities in Sky Drive without regard to whether those utilities could, in fact, service lot 7 with water. In that respect, while the evidence demonstrated that sometime in the 1980s the appellants had a water main installed in Sky Drive with a service connection for lot 7, the evidence further demonstrated that, due to inadequate water pressure, the water main in Sky Drive could not service lot 7 with water without the installation of some type of water pressure booster system, which Urarn failed to install. Under these circumstances, the evidence supports the referee's determination that Urarn breached the contract by failing to install utilities in Sky Drive for the purpose of servicing lot 7 with water, as required by paragraph 31 of the contract.

Furthermore, contrary to the appellants' contention, the referee correctly awarded the plaintiffs cost-to-cure damages based on Urarn's breach of its contractual obligation to install utilities in Sky Drive for the purpose of servicing lot 7 with water (*see Bellizzi v Huntley Estates*, 3 NY2d 112, 115-116 [1957]). The evidence demonstrated that (1) the contract obligated Urarn to sell lot 7 to Elkin and perform certain installation work for the benefit of that lot, i.e., install utilities in Sky Drive for the purpose of serving lot 7 with water, (2) Urarn breached its contractual obligation to install utilities in Sky Drive for the purpose of servicing lot 7 with water, and the breach was cur-

able by the installation of a water pressure booster system, and (3) because the installation of the water pressure booster system was necessary to enable the water main in Sky Drive to service lot 7 with water, without which lot 7 would essentially be useless, the plaintiffs' installation of the water pressure booster system did not constitute economic waste. Under these circumstances, the referee correctly awarded the plaintiffs cost-to-cure damages as opposed to "difference in value" damages (*id.* at 115; *cf. Jacob & Youngs, Inc. v Kent*, 230 NY 239, 244-245 [1921]).

However, the evidence does not support the referee's determination that the plaintiffs are entitled to damages in the principal sum of $140,600. The purpose of awarding the plaintiffs cost-to-cure damages is to place them in the same position that they would have been in had Urarn complied with the terms of paragraph 31 of the contract and installed utilities in Sky Drive for the purpose of servicing lot 7 with water (*see Bellizzi v Huntley Estates*, 3 NY2d at 116; *Kaiser v Fishman*, 187 AD2d 623, 627 [1992]). In that regard, the referee correctly determined that the plaintiffs' cost-to-cure damages only include those amounts that they expended to enable the water main in Sky Drive to service lot 7 with water—in particular, the costs associated with designing and installing the water pressure booster system and the underground chamber in which it is housed, as well as the costs associated with connecting the water pressure booster system to the water main in Sky Drive. The referee also correctly determined that the plaintiffs' cost-to-cure damages did not include the costs associated with enhancements to the overall water supply system, or the costs associated with the work necessary to bring water from the underground chamber to the house and to a tennis house also constructed on lot 7, because even without the need for a water pressure booster system, the plaintiffs would have been responsible for the costs associated with connecting the house and the tennis house to the water main in Sky Drive.

Nonetheless, among other amounts, the referee awarded the plaintiffs the full amount expended by them to install the water supply system in its entirety, minus only the approximate costs associated with the work necessary to bring water from a certain area near the top of the flagpole portion of lot 7 to the main house. Thus, the referee's award incorrectly included, inter alia, unspecified costs associated with the work necessary to bring water from the underground chamber to that certain area near the top of the flagpole portion of lot 7.

Based on the evidence presented at the trial regarding the

amounts that the plaintiffs expended on the design and installation of the water pressure booster system and the underground chamber in which it is housed, and on connecting the water pressure booster system to the water main in Sky Drive, the plaintiffs are entitled to an award of damages in the principal sum of $54,500. Specifically, the plaintiffs expended the sums of $1,500 for the design of the underground chamber, $3,000 for hydraulic hammering for the chamber, and $50,000 for the installation of the water pressure booster system components and the pipes running from the chamber to the water main in Sky Drive. As noted by the referee, there is no evidence as to the amount that the plaintiffs expended specifically on excavating the trench running from the underground chamber to the water main in Sky Drive and, thus, the plaintiffs cannot recover the amounts that they expended for such work.

Contrary to the appellants' contention, the plaintiffs satisfied their obligation to mitigate damages. While the appellants insist that the plaintiffs could have appealed to the Rockland County DOH for permission to install an in-house pump as a less expensive alternative to the water pressure booster system that was installed, Elkin testified that he contacted the Rockland County DOH about such a pump and that it was not an option. Moreover, while the appellants claim that the plaintiffs did not price the cost of installing the water pressure booster system to secure the best price, Garelick recommended to Elkin the subcontractor who ultimately performed the installation work for which the plaintiffs are entitled to damages.

We do not review the appellants' contention concerning an order of the Supreme Court dated December 22, 2006, inter alia, denying their second motion for summary judgment dismissing the complaint, since they failed to include their moving papers in the record on appeal (*see* CPLR 5526; *see also Fernald v Vinci*, 13 AD3d 333, 334 [2004]). Covello, J.P., Miller, Leventhal and Chambers, JJ., concur.