BETH GREEN, Formerly Known as BETH G. SILVER, Plaintiff, v RICHARD I. SILVER, Appellant. ABRAMS, FENSTERMAN,

Fensterman, Flowers, Greenberg & Eisman, LLP, Nonparty Respondent. [913 NYS2d 574]—

In a matrimonial action in which the parties were divorced by judgment dated May 11, 2006, the defendant appeals from a money judgment of the Supreme Court, Nassau County (Ross, J.), dated July 30, 2009, which, upon an order of the same court dated September 3, 2008, made after a hearing, granting that branch of the motion of his former counsel, Abrams, Fensterman, Fensterman, Flowers, Greenberg & Eisman, LLP, which was to fix an attorney's fee in the amount of $23,743.72, is in favor of Abrams, Fensterman, Fensterman, Flowers, Greenberg & Eisman, LLP, and against him in the principal sum of $23,743.72.

Ordered that the money judgment is affirmed, with costs.

In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Gaffney v Village of Mamaroneck*, 21 AD3d 1032 [2005]; *Matter of Santemma v Chasco Co.*, 261 AD2d 408 [1999]). The defendant did not dispute the reasonableness of the fees sought by his former counsel. Under the circumstances of this case, the Supreme Court did not err in awarding counsel fees in the sum of $23,743.72.

The Supreme Court providently exercised its discretion in precluding the defendant's expert from testifying at the hearing, since the matter about which he would have testified would not have assisted the court in making its determination (*see generally Kulak v Nationwide Mut. Ins. Co.*, 40 NY2d 140 [1976]).

The parties' remaining contentions are without merit. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.