■ MMI TRADING, INC., Appellant, v AMERICAN WASTE MANAGEMENT & RECYCLING, LLC, et al., Respondents. [949 NYS2d 743]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Sher, J.), dated October 31, 2011, which, upon an order of the same court (Phelan, J.), dated July 15, 2011, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and upon a decision of the same court (Sher, J.), dated October 5, 2011, made after a nonjury trial on the issue of damages, finding that the plaintiff had failed to prove damages, failed to award the plaintiff any damages.

Ordered that the judgment is reversed, on the facts, with costs, the plaintiff is awarded the principal sum of $86,976.36 against the defendants, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The plaintiff commenced this action against American Waste Management & Recycling, LLC (hereinafter American Waste), and Abul Shah, a member and manager of American Waste, alleging that the plaintiff entered into written agreements to buy 575.42 metric tons of Heavy Melting Scrap 1 scrap metal from American Waste for a total price of $147,651.60. According to the complaint, the plaintiff paid $150,651.60 for the scrap metal, but after it was delivered, the plaintiff discovered that 210.12 metric tons of the scrap metal was not Heavy Melting Scrap 1, but was heavily rusted and had no economic value. As a result, $30,060 was spent on the handling, inspecting, and disposal of this scrap metal.

In an order dated July 15, 2011, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and referred the matter for a trial on the issue of damages. After a nonjury trial, the Supreme Court entered a judgment failing to award the plaintiff any damages, explaining in its underlying decision only that the plaintiff "has not met [its] burden of proof with respect to damages."

As the trial on damages was tried without a jury, "this Court's authority is as broad as that of the trial court, and this Court

may render a judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Elkin v Urarn Assoc.*, 72 AD3d 734, 736 [2010]).

Pursuant to UCC 2-711, where a buyer rightfully rejects goods, he or she may recover "so much of the price as has been paid" for such goods, and pursuant to UCC 2-715 (1), such a buyer may recover "[i]ncidental damages resulting from the seller's breach [which] include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected."

Here, we find that the plaintiff proved that it was entitled to recover $53,916.36 for the amount of the purchase price it paid to American Waste that corresponded to the 210.12 metric tons of cargo that did not conform to the parties' agreements, $30,060 in incidental damages, and $3,000 for overpayments it made to American Waste on the agreements.

Accordingly, the plaintiff is entitled to judgment against the defendants in the principal sum of $86,976.36, and the matter must be remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The plaintiff's remaining contentions are without merit or need not be reached in light of our determination. Rivera, J.P., Eng, Lott and Miller, JJ., concur.