■ 47 THAMES REALTY, LLC, Appellant-Respondent, v ELLEN ROBINSON et al., Respondents-Appellants. [994 NYS2d 123]—

In a consolidated action, inter alia, for ejectment and to recover damages for use and occupancy, (1) the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated October 23, 2012, as, upon a decision of the same court dated July 5, 2012, made after a hearing, granted the defendants' application for an attorney's fee and expenses in the sum of $391,339.79, prejudgment interest in the sum of $106,621.45 for the period from September 1, 2006, through October 19, 2012, and further prejudgment interest at the rate of $96.49 per day from October 20, 2012, through the date of entry of that order, and the defendants cross-appeal from stated portions of the same order, (2) the plaintiff appeals from an order of the same court dated November 30, 2012, which denied its motion, inter alia, pursuant to 22 NYCRR 202.48 (b) to dismiss the defendants' application for an award of an attorney's fee as abandoned and granted that branch of the defendants' cross motion which was for "acceptance" of their proposed corrected order, and (3) the defendants appeal from stated portions of a judgment of the same court dated January 2, 2013, which is in favor of them and against the plaintiff in the principal sum of only $497,961.24, plus prejudgment interest thereon at the rate of $96.49 per day from October 20, 2012, through January 2, 2013, and costs, and the plaintiff cross-appeals from the same judgment.

Ordered that the appeal and cross appeal from the order dated October 23, 2012, are dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated November 30, 2012, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the defendants the principal sum of $497,961.24, plus prejudgment interest

thereon at the rate of $96.49 per day from October 20, 2012, through January 2, 2013, and substituting therefor a provision awarding the defendants an attorney's fee and expenses in the principal sum of $301,098.21, plus prejudgment interest thereon at the statutory rate of 9% per annum for the period from September 1, 2006, through January 2, 2013; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the recalculation of prejudgment interest in accordance herewith, and the entry of an appropriate amended judgment thereafter.

The appeal and cross appeal from the intermediate order dated October 23, 2012, and the appeal from the intermediate order dated November 30, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals and the cross appeal from the orders are brought up for review and have been considered on the appeal and cross appeal from the judgment (see CPLR 5501 [a] [1]).

22 NYCRR 202.48, entitled "[s]ubmission of orders, judgments and decrees for signature," states in pertinent part:

"(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

"(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown."

Here, the so-called 60-day rule set forth in 22 NYCRR 202.48 is not applicable because the Supreme Court's direction that the defendants submit a proposed order with respect to an award of an attorney's fee did not specify that the proposed order be settled or submitted on notice (see Farkas v Farkas, 11 NY3d 300, 309 [2008]; Shamshovich v Shvartsman, 110 AD3d 975, 976-977 [2013]; Matter of Village of Dobbs Ferry v Stanley Ave. Props., Inc., 95 AD3d 1027, 1029 [2012]). Accordingly, the plaintiff's contention that the defendants abandoned their claim for an award of an attorney's fee by failing to comply with the 60-day rule is without merit.

"In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in

the locality; and the contingency or certainty of compensation" (*Green v Silver*, 79 AD3d 1097, 1098 [2010]; *see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Gaffney v Village of Mamaroneck*, 21 AD3d 1032, 1032 [2005]). Contrary to the defendants' contention, under the circumstances of this case, the Supreme Court's determination as to the rate at which attorneys' fees were to be awarded was not an improvident exercise of discretion (*see e.g. Xanboo, Inc. v Ring*, 40 AD3d 1081, 1082 [2007]).

The parties agree that the defendants' proposed order dated October 12, 2012, and the Supreme Court's resulting order dated October 23, 2012, contained computational errors in the award of an attorney's fee and expenses to the defendants. Certain "of counsel" charges for work performed by attorney Stephen H. Palitz were improperly duplicated, and certain charges which had been marked "No Charge" and "Do Not Bill" were improperly included. On this record, the duplicate and improper charges amounted to the principal sum of $90,241.58. Accordingly, the award of an attorney's fee and expenses to the defendants in the principal sum of $391,339.79 must be reduced by $90,241.58, to $301,098.21, and prejudgment interest for the period from September 1, 2006, through January 2, 2013, is to be awarded on this corrected amount.

The parties' remaining contentions are either unpreserved for appellate review, without merit, or not properly before this Court. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.