■ LABERGE ENGINEERING & CONSULTING GROUP, LTD., Respondent, v TOWN OF BEEKMAN, Appellant. [6 NYS3d 497]—

In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Brands, J.), entered April 5, 2013, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $97,445.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court's award of damages to the plaintiff in the principal sum of $97,445 was warranted by the facts (*see DiCarlo Distribs., Inc. v Hampton Bays Diner Corp.*, 120 AD3d 612, 613 [2014]; *Elkin v Urarn Assoc.*, 72 AD3d 734, 736 [2010]; *see also Pencom Sys. v Shapiro*, 193 AD2d 561 [1993]; *Support Sys. Assoc. v Tavolacci*, 135 AD2d 704, 707 [1987]; *Santa's Workshop v Sterling*, 2 AD2d 262, 267 [1956], *affd* 3 NY2d 757 [1957]).

We decline to consider the defendant's contention, raised for the first time on appeal, that the plaintiff failed to serve a notice of claim pursuant to Town Law § 65 (3). "While service of a notice of claim is a statutory condition precedent" (*Flanagan v Board of Educ., Commack Union Free School Dist.*, 47 NY2d 613, 617 [1979]) and "the failure to serve a timely notice of claim may be raised any time prior to trial" (*Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1111 [2010]), the issue is not properly before this Court on appeal because it was not raised before the Supreme Court (*see Agress v Clarkstown Cent. School Dist.*, 69 AD3d 769, 772 [2010]; *Galante v County of Nassau*, 210 AD2d 201, 202 [1994]). The defendant did not raise the issue of lack of notice until the instant appeal, approximately four years after the action was commenced, and after allowing the case to proceed through trial. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.