Matter of Brown v Town of Waterloo (2020 NY Slip Op 05312)





Matter of Brown v Town of Waterloo


2020 NY Slip Op 05312


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


81 CA 19-01542

[*1]IN THE MATTER OF ANDREW BROWN, PETITIONER-RESPONDENT,
v
TOWN OF WATERLOO, RESPONDENT-APPELLANT. 






THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (FRANK W. MILLER OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LEVINE & BLIT, PLLC, NEW YORK CITY (JUSTIN S. CLARK OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered February 15, 2019 in a CPLR article 78 proceeding. The judgment, insofar as appealed from, directed the reinstatement of petitioner to his position of employment with respondent with back pay and benefits. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In November 2017, petitioner was elected to the office of Highway Superintendent for the Town of Fayette. At the time of his election to that office, petitioner was employed by respondent, Town of Waterloo, as a laborer. Petitioner and respondent thereafter disputed whether petitioner orally resigned his position with respondent. Respondent informed petitioner by letter that it had accepted petitioner's resignation, effective December 31, 2017. Petitioner sought to retain his position with respondent, but respondent refused that request based on, inter alia, the purported oral resignation. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, reinstatement, back pay, and benefits and alleging, among other things, that his termination was arbitrary and capricious and made in violation of Civil Service Law § 75-b. Respondent filed an answer seeking dismissal of the petition. Supreme Court dismissed petitioner's claim with respect to the alleged violation of Civil Service Law § 75-b, but otherwise granted petitioner relief pursuant to CPLR article 78, thereby reinstating him to his position with respondent with back pay and benefits. Respondent appeals, and we affirm.
Initially, respondent's contention regarding petitioner's alleged failure to file a notice of claim under the Town Law is not properly before us. Here, the record establishes that respondent abandoned its contention with respect to Town Law § 67, and its contention with respect to Town Law § 65 is raised for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 984-985 [4th Dept 1994]; see also Laberge Eng'g & Consulting Group, Ltd. v Town of Beekman, 128 AD3d 642, 642 [2d Dept 2015]; see generally Matter of Schlosser v Board of Educ. of E. Ramapo Cent. School Dist., 47 NY2d 811, 813 [1979]).
Contrary to respondent's contention, it was not inconsistent for the court to dismiss petitioner's claim with respect to the alleged violation of Civil Service Law § 75-b, but otherwise grant him relief under CPLR article 78 (see generally Matter of De Milio v Borghard, 55 NY2d 216, 220 [1982]). Contrary to respondent's further contention, petitioner's election to the position of Highway Superintendent in the Town of Fayette did not constitute an automatic resignation of his position as laborer in the neighboring Town of Waterloo. "[P]hysical impossibility is not the incompatibility of the common law, which existing, one office is ipso [*2]facto vacated by accepting another" (People ex rel. Ryan v Green, 58 NY 304, 304 [1874]). Based upon the record before us, the two positions in question are not per se incompatible (see generally Matter of Dupras v County of Clinton, 213 AD2d 952, 953 [3d Dept 1995]). Respondent's further contention that granting the petition was erroneous in view of petitioner's alleged oral resignation is without merit inasmuch as the Town of Waterloo employee handbook requires that a resignation be in writing.
We reject respondent's contention that petitioner was not entitled to back pay and benefits. CPLR article 78 allows for damages incidental to the primary relief sought by the petitioner, i.e., reinstatement to employment (see CPLR 7806), and such damages may include full back pay and benefits retroactive to the date of termination (see Matter of Jakubowicz v Village of Fredonia, 159 AD3d 1540, 1541 [4th Dept 2018]; Matter of Butkowski v Kiefer, 140 AD3d 1755, 1757 [4th Dept 2016]). To the extent that respondent contends that compensatory damages and attorney's fees are not recoverable, we note that the court did not grant such relief. The court only granted back pay and benefits from the time of the commencement of the proceeding.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court