Matter of Elmwood Vil. Charter Sch. v Buffalo City Sch. Dist. (2021 NY Slip Op 03949)





Matter of Elmwood Vil. Charter Sch. v Buffalo City Sch. Dist.


2021 NY Slip Op 03949


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


354 CA 20-00629

[*1]IN THE MATTER OF ELMWOOD VILLAGE CHARTER SCHOOL, PETITIONER-APPELLANT,
v
BUFFALO CITY SCHOOL DISTRICT, RESPONDENT-RESPONDENT. 






HODGSON RUSS LLP, BUFFALO (JULIA M. HILLIKER OF COUNSEL), FOR PETITIONER-APPELLANT.
NATHANIEL J. KUZMA, GENERAL COUNSEL, BUFFALO, FOR RESPONDENT-RESPONDENT.


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered April 30, 2020 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: This litigation concerns funding payments that respondent is required to make to petitioner regarding students with disabilities (see Education Law § 2856 [1] [b]). Respondent, after an audit by the New York State Comptroller's Office, determined that it had overpaid petitioner for those expenses for a period of approximately 12 years, ending in 2018. Respondent thereafter informed petitioner that it would correct the amount of future payments, and that it would recoup the overpayment by deducting the amount of the overpayment from the next four scheduled payments to petitioner. Petitioner commenced this CPLR article 78 proceeding, seeking, among other relief, to enjoin respondent from making such deductions, based on allegations that, inter alia, the recoupment was arbitrary and capricious. Petitioner now appeals from a judgment that granted respondent's motion to dismiss the petition on the ground that petitioner failed to exhaust its administrative remedies. We affirm.
On appeal, petitioner contends that it was not required to exhaust its administrative remedies because the case presents a pure question of law that this Court may decide without regard to exhaustion (see e.g. Matter of Buffalo Council of Supervisors & Adm'rs, Local 10 v Cash, 174 AD3d 1462, 1464 [4th Dept 2019]). That contention is not properly before us inasmuch as it is raised for the first time on appeal (see Matter of Brown v Town of Waterloo, 187 AD3d 1493, 1494 [4th Dept 2020]; Matter of J.C. Smith, Inc. v New York State Dept. of Economic Dev., 163 AD3d 1517, 1520 [4th Dept 2018], lv denied 32 NY3d 1191 [2019]; see generally Matter of Schlosser v Board of Educ. of E. Ramapo Cent. School Dist., 47 NY2d 811, 813 [1979]), and this Court has "no discretionary authority to review it in this CPLR article 78 proceeding" (J.C. Smith, Inc., 163 AD3d at 1520; see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]). Moreover, even assuming, arguendo, that "the general rule requiring exhaustion of administrative remedies does not apply where the issue raised involves a pure question of law" (Matter of Cady v Clark, 176 AD2d 1055, 1056 [3d Dept 1991]; cf. Young Men's Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375-376 [1975]; see generally Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57-58 [1978]), this case does not present a pure question of law. The applicable Department of Education regulation states that, "[i]n the event of the failure of a school district to fulfill the financial obligation required by section 2[8]56 of the Education Law equal to the amounts calculated pursuant to this section, [*2]upon notification by the charter school, the commissioner shall certify the amounts of the unpaid obligations to the comptroller to be deducted from State aid due the school district and paid to the applicable charter schools" (8 NYCRR 119.1 [e] [2]). That statute provides that "[a]mounts payable under this subdivision shall be determined by the commissioner" (Education Law § 2856 [1] [b]). Consequently, "[i]t is for the Commissioner [of Education] in the first instance, and not for the courts, to establish and apply criteria" regarding the propriety and administration of recoupment of alleged funding overpayments (Matter of Davis v Mills, 98 NY2d 120, 125 [2002]; see generally Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills, 4 NY3d 51, 58 n 7 [2004]). Therefore, Supreme Court properly granted respondent's motion and dismissed the petition based on petitioner's failure to exhaust its administrative remedies.
We have considered petitioner's remaining contentions and conclude that they do not require modification or reversal of the judgment.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court