Matter of Zigenfus v Town of Cohocton Town Bd. (2022 NY Slip Op 05426)

Matter of Zigenfus v Town of Cohocton Town Bd.

2022 NY Slip Op 05426

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

644 CA 21-01520

[*1]IN THE MATTER OF CHAD ZIGENFUS, BERTON CANDEE, STEVE TRUDE AND HANS DAATSELAAR, PETITIONERS-APPELLANTS,
v
TOWN OF COHOCTON TOWN BOARD AND BARON WINDS, LLC, RESPONDENTS-RESPONDENTS. 

GARY A. ABRAHAM, GREAT VALLEY, FOR PETITIONERS-APPELLANTS.
YOUNG/SOMMER LLC, ALBANY (J. MICHAEL NAUGHTON OF COUNSEL), FOR RESPONDENT-RESPONDENT BARON WINDS, LLC. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Steuben County (Kevin M. Nasca, J.), entered July 13, 2021 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, dismissed the amended petition and complaint insofar as it seeks relief pursuant to CPLR article 78 and declared that Town of Cohocton Local Law No. 4 of 2019 was not unlawfully enacted. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this hybrid CPLR article 78 proceeding and declaratory judgment action, petitioners appeal from a judgment that, inter alia, dismissed the amended petition and complaint insofar as it sought relief pursuant to CPLR article 78 and declared that respondent Town of Cohocton Town Board (Town Board) did not act unlawfully in enacting Local Law No. 4 of 2019, which amended the local zoning law to raise the maximum allowable height of wind turbines erected in the Town of Cohocton from 500 feet to 650 feet.
Petitioners contend that the Town Board acted improperly in enacting Local Law No. 4 because one of its voting members had a conflict of interest that required his recusal, and the Town Board could not invoke the rule of necessity to permit him to vote despite the conflict inasmuch as a quorum of the Town Board was available to vote. That contention differs from the contention raised by petitioners in their amended petition and complaint, i.e., that three of the five members of the Town Board were disqualified from voting by a conflict of interest, which would render a quorum unavailable. Petitioners' contention is thus raised for the first time on appeal and is not properly before this Court (see Matter of Elmwood Vil. Charter Sch. v Buffalo City Sch. Dist., 195 AD3d 1542, 1543 [4th Dept 2021]; Matter of Majka v Utica City School Dist., 247 AD2d 845, 846 [4th Dept 1998]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). We have considered petitioners' remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court