Matter of Henry v Town Bd. of Town of Manlius (2024 NY Slip Op 01400)

Matter of Henry v Town Bd. of Town of Manlius

2024 NY Slip Op 01400

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, AND KEANE, JJ.

74 CA 22-01691

[*1]IN THE MATTER OF BARBARA L. HENRY, DIANNE M. BROWN, DAVID J. TAYLOR AND CONNIE M. WHITTON, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
TOWN BOARD OF TOWN OF MANLIUS, TOWN OF MANLIUS CODES ENFORCEMENT OFFICER AND ABUNDANT SOLAR POWER, INC., RESPONDENTS-DEFENDANTS-RESPONDENTS. 

DIRK J. OUDEMOOL, SYRACUSE, FOR PETITIONERS-PLAINTIFFS-APPELLANTS. 
HARRIS BEACH PLLC, SYRACUSE (JOSEPH V. FRATESCHI OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN BOARD OF TOWN OF MANLIUS, AND TOWN OF MANLIUS CODES ENFORCEMENT OFFICER. 
HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT ABUNDANT SOLAR POWER, INC.

 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered October 5, 2022, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment dismissed the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the provision dismissing those parts of the petition-complaint seeking declarations and granting judgment in favor of respondents-defendants as follows:
It is ADJUDGED and DECLARED that petitioners-plaintiffs do not have a vested property right to review before the Town of Manlius Planning Board of an application for a special use permit and site plan of the solar energy system proposed by respondent-defendant Abundant Solar Power, Inc., and it is further
ADJUDGED and DECLARED that Town Code § 155-27.2 is not unconstitutionally vague,
and as modified the judgment is affirmed without costs.
Memorandum: The Town of Manlius (Town) and respondent-defendant Abundant Solar Power, Inc. (Abundant) entered into a lease agreement (lease) for Abundant to install a solar energy system on a closed landfill on Town property. At the time the lease was entered, Town Code former § 155-27.2 (former law), specifically former section 155-27.2 (D) (3) (a) (3), required Abundant to obtain a special use permit and site plan approval from the Town Planning Board (Planning Board). Abundant submitted the required application to the Planning Board, but it withdrew its application in February 2022. In March 2022, respondent-defendant Town Board of Town of Manlius (Town Board) repealed the former law and enacted a new Town Code § 155-27.2 (amended law). Pursuant to the amended section 155-27.2 (D) (4) (a) (3), medium and large solar energy systems were not subject to Planning Board review if the property on which the solar energy systems were proposed was owned by the Town.
Petitioners-plaintiffs (petitioners), residents of the Town, commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that the lease was null and void for violation of due process. Petitioners also sought to vacate the Town Board's enactment of the amended law and to vacate the building permit issued by respondent-defendant Town of Manlius Codes Enforcement Officer (CEO). Supreme Court granted the objections of respondents-defendants and dismissed the petition-complaint (complaint).
We note at the outset that petitioners have abandoned on appeal that part of the third cause of action seeking to set aside the CEO's issuance of a building permit as unauthorized and the fourth cause of action seeking a declaration that the amended law is unconstitutionally vague. We also note that the court erred in dismissing those parts of the complaint seeking declarations rather than declaring the rights of the parties, and we therefore modify the judgment accordingly (see Restuccio v City of Oswego, 114 AD3d 1191, 1191 [4th Dept 2014]; Schlossin v Town of Marilla, 48 AD3d 1118, 1119 [4th Dept 2008]; see generally Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
We reject petitioners' contention that they had a vested right to special use permit and site plan review of the solar energy system before the Planning Board. "To establish a claim for violation of substantive due process, a party 'must establish a cognizable . . . vested property interest' . . . and 'that the governmental action was wholly without legal justification' " (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 59 [2011]; see Jones v Town of Carroll, 177 AD3d 1297, 1298 [4th Dept 2019]). Here, petitioners have not established any vested property interest (see Matter of Santomero v Town of Bedford, 204 AD3d 925, 927 [2d Dept 2022], lv denied 38 NY3d 914 [2022]; Hilburg v New York State Dept. of Transp., 138 AD3d 1062, 1064 [2d Dept 2016]; Schlossin, 48 AD3d at 1119).
Petitioners' contention that the Town Board did not perform certain duties as required by the amended law is improperly raised for the first time on appeal (see Matter of Zigenfus v Town of Cohocton Town Bd., 208 AD3d 1611, 1612 [4th Dept 2022]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). We have considered petitioners' remaining contentions and conclude that they are without merit.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court